```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
-------------------------------------------X    ELECTRONICALLY FILED
                                           :    DOC #:_____
LAWRENCE YOUNG,                            :    DATE FILED: 01/07/2020
                            Plaintiff,     :
                                           :    19 Civ. 8695 (LGS)
            -against-                      :
                                           :    ORDER
COLLECTIVE HOTELS AND RETREATS,            :
INC.,                                      :
                            Defendant.     :
-------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Order dated October 7, 2019 (Dkt. 5), required the parties to file a proposed case management plan and scheduling order and joint letter by January 2, 2020;

WHEREAS, the parties failed to timely submit the joint letter and proposed case management plan and scheduling order (Dkt. No. 17);

WHEREAS, on January 3, 2020, the Court ordered the parties to file the joint letter and proposed case management plan and scheduling order as soon as possible and no later than January 6, 2020, at noon (Dkt. No. 17);

WHEREAS, on January 6, 2020, at 11:51 a.m., Plaintiff's counsel filed a letter informing the Court that Defendant's counsel had consented to adjourning the filing of the joint letter and proposed case management plan and scheduling order to 5:00 p.m. (Dkt. No. 19);

WHEREAS, on January 6, 2020, at 5:05 p.m., the parties filed a joint letter and proposed case management plan and scheduling order. The joint letter failed to include the information required by this Court's Order (Dkt. No. 5). It is hereby

**ORDERED** that the parties shall file an amended joint status letter as soon as possible and no later than **January 8, 2020**, at **10:00 a.m.**, providing the following information in separate paragraphs:

(1) A brief statement of the nature of the case, the principal claims and defenses, and the

major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(2) A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall explain the factual basis for such jurisdiction, including (i) in the case of a corporation, the principal place of business and place of incorporation, (ii) in the case of a partnership, limited liability company or trust, the citizenship of each of the entity's members, shareholders, partners and/or trustees. If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit;

(3) A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference;

(4) A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));

(5) A computation of each category of damages claimed, *see* Fed. R. Civ. P. 26(a)(1)(A)(iii);

(6) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

(7) Any other information that the parties believe may assist this Court in resolving the action.

Dated: January 7, 2020
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**